IN RE: ESTATE OF W. L. BLOCKS, deceased; THE EXCHANGE NATIONAL BANK OF TAMPA, a corporation created and existing under the National Banking Laws of the United States of America, as Executor under the Last Will and Testament of W. L. Blocks, deceased; Jesse Ebinger, *et al.* v. JULIA B. TATRO, *et al.*, and FIRST NATIONAL BANK OF TAMPA, as Administrator of the Estate of W. L. Blocks, deceased.

4 So. (2nd) 380

Division A

Opinion Filed October 24, 1941

320

Knight & Thompson, Frank P. Ingram, Miller & Peterson, Henry H. Cole, and Whitaker, Whitaker & Terrell, for Appellant;

M. B. Withers and Wm. W. Taliaferro, for Appellees.

BUFORD, J.—This is the second appearance of this case here. See in Re: Blocks' Estate, 143 Fla. 163, 196 Sou. 410.

On the former appeal we held:

"Where instrument offered as a will disposing of testator's personalty contained an attestation clause and places for signatures of witnesses and a blank space for name of a trustee, which was never supplied, and instrument was signed and dated by testator but date in attestation clause and spaces for witnesses' signatures were left blank, and it was not claimed that instrument was ambiguous, litigants who filed answer to petition for probate of instrument should have been permitted to offer testimony that instrument did not indicate testator's intent.

"Where a will disposing of real and personal property concludes with an unexecuted attestation clause even though witnesses are unnecessary to make it effective as to personalty attempted to be bequeathed, a slight presumption arises that will is incomplete and does not reflect testator's true intent, but the presumption, being slight, may be overcome by circumstances of the same degree."

The cause was remanded for further proceedings, the sole purpose of which looked to the determination of the question of whether or not the purported will was executed with testamentary intent.

On the disposition of that question by the County Judge he struck certain parol evidence tending to show that a will had been executed by Blocks with testamentary intent but there is little, if anything, to show that the will referred to in that testimony was the identical document here under consideration. The County Judge held in effect that if he was in error in striking that testimony no harm was done because it was insufficient to overcome the slight presumption stated in our opinion, *supra,* when taken in connection with the very convincing evidence that there had been no final determination by the deceased to adopt the terms of the document as written and signed as his last will and testament.

On appeal to the Circuit Court, the Circuit Judge considered all the testimony, that stricken along with the balance, and in his decree said:

"I have considered all of the evidence offered by parties to the cause and agree with the County Judge that such evidence failed to establish that the deceased executed the paper with testamentary intent. In forming my judgment, I have, along with all other evidence in the case, considered the statements of a testamentary character which are attributed to the deceased by the several witnesses offered by proponents, whose testimony appears in the record, and assuming their truthfulness, I find that the whole is not of sufficient weight to overcome the evidence of contestants and the testimony of Mr. McFarlane, who was the draftsman of the instrument acting as the

attorney for the deceased in his consultations concerning it; aside the presumption of lack of testamentary intent arising from the incompleteness of the instrument itself."

"The letter of the deceased dated September 1st, 1928, reflects that the information furnished Mr. Macfarlane, on which the draft of the instrument was made, never definitely concluded the matter of the contents of the proposed will in all its details in the mind of the deceased. Mr. Macfarlane's letter transmitting the instrument, as drawn, to the deceased, advised him that the paper was not in final form as his proposed will. The subsequent conference between the deceased and Mr. Macfarlane, when the penciled notation of changes in the instrument were made, occurring after the date of the instrument and presumably after its signing, the inability of the deceased to decide upon the name of the person to serve as the third trustee of the trusts mentioned in the paper, the action of the deceased in failing to finally complete the transaction, and his responses to the repeated requests of Mr. Macfarlane to that end, are all proper facts and circumstances to be considered by the lower court and this Court in determining whether or not the paper was executed with testamentary intent. The most reasonable inference to be drawn is that the paper was not so executed. It is thereupon

ORDERED, ADJUDGED AND DECREED that the judgment of the County Judge be and is hereby affirmed."

The finding and judgment of the Circuit Court is supported by the weight of the evidence.

On the entire record, no reversible error is made to appear. So, the judgment and decree is affirmed.

So ordered.

Affirmed.

Brown, C. J., Whitfield, and Adams, J. J., concur.